```
           UNITED STATES DISTRICT COURT
                     FOR THE
           MIDDLE DISTRICT OF PENNSYLVANIA
```

FRAZIER A. MATTHEWS,                  :
                                      :
      Plaintiff,                      :   No. 4:CV-04-2341
                                      :
   vs.                                :   (Complaint filed 10/25/04)
                                      :
C.O. J.L. KEEFER, C.O. ZIMMERMS,      :   (Judge Muir)
and R.N. PERZACKY,                    :
                                      :
      Defendant                       :
                             <u>ORDER</u>

                         December 19, 2005

   THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

   On October 25, 2004, Plaintiff Frazier A, Matthews, an inmate at the State Corrections Facility at Mahanoy in Frackville, Pennsylvania, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983.  Matthews has been permitted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

   On December 14, 2005, the undersigned received a letter from Matthews dated December 11, 2005.  In his letter, Matthews states that he was recently deposed by the defendants' attorney, he requested her to provide him with a copy of the deposition transcript free of charge, and the attorney denied his request. Matthews requests the court in his letter to "put an order in for [him] to have the copies to the transcript as soon as possible." We will construe Matthews's letter as a motion for a free copy of the deposition transcript, and will rule on the motion without

requiring the parties to file any briefs in connection with the motion.

The Court of Appeals for the Third Circuit addressed the issue raised in Matthews's motion in the case of <u>Tabron v. Grace</u>, 6 F.3d 147, 153, 155-157 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994).  In that case the court confirmed that

> [t]here is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.

Id., at 158.  Despite the lack of any statutory basis for the government to pay to provide a deposition transcript to an indigent plaintiff, the court in <u>Tabron</u> further commented that

> a district court may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant ....

Id., at 159.  Under the circumstances presented to the court in <u>Tabron</u>, the court noted the general rule that a litigant bears his or her own litigation expenses and the court ultimately held that the district court had not abused its discretion in denying the plaintiff's motion for a copy of a deposition transcript without charge.  In denying Tabron's motion, the court noted "that Tabron attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." Id.

2

The circumstances of the case at hand involve Matthew's request to obtain a copy of his own deposition. As in <u>Tabron</u> Matthews is fully aware of the substance of the deposition testimony. Under the circumstances of this case, we will deny Matthews's motion for a free copy of his deposition transcript. *See also* Rivera v. DisAbato, 962 F. Supp. 38 (D.N.J. 1997)(denying indigent plaintiff's motion to obtain without charge a copy of his own deposition transcript).

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Clerk of Court shall docket Matthews's letter dated December 11, 2005, and received by the undersigned on December 14, 2005.
2. Matthews's letter of December 11, 2005, is construed as a motion for a copy of his deposition transcript.
3. Matthews's motion for a copy of his deposition transcript is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga